**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

Filed/Docketed
Jun 04, 2026

| | |
|---|---|
| IN RE:<br><br>**PAXTON DAVIS and KATHARINE DAVIS,**<br><br>**Debtors.** | **Case No. 25-10188-T**<br>**Chapter 7** |
| **TONYA K. NAUSS,**<br><br>**Plaintiff,**<br>v.<br><br>**PAXTON DAVIS,**<br><br>**Defendant.** | **Adv. No. 25-01007-T** |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court pursuant to Plaintiff's Amended Motion for Summary Judgment (the "Motion"),[1] filed by Tonya K. Nauss ("Plaintiff"). Presently at issue is whether a debt is dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(4).[2] The following findings of fact and conclusions of law are made pursuant to Federal Rule of Civil Procedure 52, made applicable to this bankruptcy proceeding by Federal Rule of Bankruptcy Procedure 7052.

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to

---

[1] ECF No. 24.

[2] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

28 U.S.C. § 157(a). Determination as to the dischargeability of a debt is a "core" proceeding as that term is defined by 28 U.S.C. § 157(b)(2)(I).

## Summary Judgment Standard

The United States Court of Appeals for the Tenth Circuit has held that:

> Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Id.* Put differently, "[t]he question . . . is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (quotation omitted). "On summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quotation omitted).[3]

When the nonmoving party fails to respond to a movant's assertion of fact, the Court may "consider the fact undisputed for purposes of the motion."[4] Nonetheless, the Court must "examin[e] the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law."[5]

---

[3] *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013).

[4] Fed. R. Civ. P. 56(e)(2), made applicable to this proceeding by Fed. R. Bankr. P. 7056. *See also* Bankr. N.D. Okla. Local Rule 7056-1(B) ("All properly supported material facts set forth in the movant's statement shall be deemed admitted for the purpose of summary judgment unless specifically controverted by a statement of the non-movant that is supported by evidentiary material.").

[5] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

**Background**

In March 2024, Plaintiff contracted with Defendant Paxton Davis, d/b/a Re Home Building and Construction, LLC ("Defendant") via an Invoice Construction Agreement (the "Agreement") for the performance of certain remodeling and construction work on Plaintiff's residence. Despite Plaintiff paying Defendant $60,000.00, the work was not completed in accordance with the Agreement. As a result, Plaintiff filed this adversary proceeding, seeking both a judgment for $60,000.00 and a determination that the debt is excepted from discharge in Defendant's bankruptcy case pursuant to § 523(a)(2)(A) and (a)(4).

**Findings of Fact**

There is no genuine dispute as to the following facts:[6]

1. On March 4, 2024, Plaintiff paid Defendant $50,000.00 to remodel, build, and renovate Plaintiff's residence (the "Project").[7]

2. On May 20, 2024, Plaintiff paid Defendant an additional $10,000.00 for the Project.[8]

3. On February 13, 2025, Defendant filed a Chapter 7 Voluntary Petition in this Court, Case Number 25-10188-T.[9]

4. On May 1, 2025, Plaintiff filed this adversary proceeding.[10]

---

[6] These facts were alleged by Plaintiff in the Motion, ECF No. 24. Defendant failed to respond to the Motion. As such, these facts are deemed admitted for purposes of the pending summary judgment motion. *See* Bankr. N.D. Okla. LR 7056-1(B).

[7] ECF No. 24 at 31-32.

[8] *Id.* at 33.

[9] Case No. 25-10188, at ECF No. 1.

[10] ECF No. 1.

5.      Plaintiff served Defendant with Interrogatories, Requests for Admission, and Requests for Production of Documents via first class mail on June 27, 2025.[11]

6.      To date, Defendant has failed to respond to Plaintiff's discovery requests or Plaintiff's Motion. Therefore, the following facts are admitted:[12]

7.      Defendant told Plaintiff "no permits" were necessary to complete the Project.

8.      Work on the Project was stopped because permits were necessary.

9.      Defendant did not pay subcontractors or independent contractors all funds owed to them for the Project.

10.     Defendant did not purchase all supplies and materials necessary to complete the Project.

11.     Plaintiff paid all amounts owed for completion of the Project.

12.     Defendant did not complete the Project.

13.     Funds paid to Defendant by Plaintiff for the Project were not used on the Project.

14.     Defendant did not hold the funds paid by Plaintiff in a separate account or in trust for the completion of the Project.

15.     Defendant held himself out to Plaintiff as an experienced, competent and capable professional home repair specialist.

16.     Defendant promised Plaintiff to oversee and manage construction of the Project.

---

[11] *See* ECF No. 24 at 20-21.

[12] "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3), made applicable to this proceeding by Fed. R. Bankr. P. 7036; *see Bergemann v. United States*, 820 F.2d 1117, 1120 (10th Cir. 1987) (citing first *Rainbolt v. Johnson*, 669 F.2d 767, 768 (D.C. Cir. 1981); and then *Luick v. Graybar Elec. Co.*, 473 F.2d 1360, 1362 (8th Cir. 1973)).

17. Defendant promised to provide Plaintiff with copies of all invoices from subcontractors and vendors.

18. The invoices provided by Defendant to Plaintiff represented the services and materials actually provided on and for the Project.

19. Defendant represented to Plaintiff the Project would be completed in a good and workmanlike manner.

20. Defendant represented to Plaintiff that the Project would be completed in compliance with all applicable laws, rules, regulations, and standards.

21. Defendant represented to Plaintiff he would supervise and coordinate all work on the Project.

22. Defendant represented to Plaintiff the Project would be completed on the financial terms and conditions set forth in the Agreement.

23. The Project has the following negligent and/or defective workmanship:

   a. Failure to follow plans and specifications;

   b. Using inferior materials;

   c. Improperly installed French drains;

   d. Improperly installed roofing;

   e. Improperly installed and insufficient framing brackets; and

   f. Improperly installed decking.

24. The statements Defendant made to Plaintiff regarding the Project were made with the intent for her to rely on his statements.

25. Plaintiff relied upon his statements.

26. Defendant had a fiduciary duty to Plaintiff under Oklahoma law.

27.     Defendant breached his fiduciary duty to Plaintiff.

28.     Plaintiff filed the instant Amended Motion for Summary Judgment on March 17, 2026.[13]

To the extent the Conclusions of Law contain any items that should more appropriately be considered Findings of Fact, they are incorporated herein by this reference.

**Conclusions of Law**

The issue before the Court is whether a debt should be excepted from discharge under § 523(a)(2)(A) and (a)(4) of the Bankruptcy Code. Exceptions to discharge are to be narrowly construed with any doubts resolved in the debtor's favor.[14] Under § 523, a creditor seeking to except its claim from discharge must prove the claim is nondischargeable by a preponderance of the evidence.[15]

*A.   Section 523(a)(2)(A): False Pretenses, False Representation, or Actual Fraud*

Section 523(a)(2)(A) excepts from discharge a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—false pretenses, a false representation, or actual fraud[.]" Thus, a claim pursuant to § 523(a)(2)(A) may rest on any of the three aforementioned types of fraud, each of which must be analyzed separately depending on the facts of the specific case.[16] However, each type of fraud must involve "moral turpitude or intentional wrong, and does not extend to fraud implied in law which may arise in the absence of

---

[13] ECF No. 24.

[14] *See Glencove Holdings, LLC v. Bloom (In re Bloom)*, No. 22-1005, 2022 WL 2679049, at *5 (10th Cir. July 12, 2022); *DSC Nat'l Props., LLC v. Johnson (In re Johnson)*, 477 B.R. 156, 168 (10th Cir. BAP 2012).

[15] *Grogan v. Garner*, 498 U.S. 279, 287 (1991).

[16] *Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 355, 360 (2016) ("It is therefore sensible to start with the presumption that Congress did not intend 'actual fraud' to mean the same thing as 'a false representation[.]'").

bad faith or immorality."[17] In other words, the debtor must have acted with subjective intent to deceive, which may be inferred from the totality of the circumstances.[18]

A false representation for purposes of § 523(a)(2)(A) is an explicit, definable statement resulting in a misrepresentation.[19] A false pretense, on the other hand, is an implied misrepresentation, which includes a material omission or conduct intended to create and foster a false impression.[20] To establish a claim under § 523(a)(2)(A) for false pretenses or false representation, a plaintiff must prove the following: "1) the debtor made a false representation; 2) the debtor made the representation with the intent to deceive the creditor; 3) the creditor relied on the representation; 4) the creditor's reliance was justifiable; and 5) the debtor's representation caused the creditor to sustain a loss."[21] Actual fraud entails "any deceit, artifice, trick, or design involving direct or indirect operation of the mind, used to circumvent or cheat another."[22] To establish a claim for actual fraud, "a creditor must establish that (1) a fraud occurred, (2) the debtor intended to defraud, and (3) the fraud created the debt that is the subject of the dispute."[23]

The Court is unable to conclude that Plaintiff is entitled to judgment as a matter of law on her § 523(a)(2)(A) claim. Plaintiff has shown Defendant made representations to her which were

---

[17] *In re Van De Water*, 180 B.R. 283, 288 (Bankr. D.N.M. 1995) (citation omitted); *see also Ritz*, 578 U.S. at 360.

[18] *In re Johnson*, 477 B.R. at 169; *Skyline Air Ops, Inc. v. Conkle (In re Conkle)*, No. 23-01053, 2024 WL 1460286, at *6 (Bankr. W.D. Okla. Apr. 3, 2024).

[19] *Argento v. Cahill (In re Cahill)*, No. 15-72418, 2017 WL 713565, at *6 (Bankr. E.D.N.Y. Feb. 22, 2017).

[20] *William W. Barney, M.D. P.C. Ret. Fund v. Perkins (In re Perkins)*, 298 B.R. 778, 788 (Bankr. D. Utah 2003).

[21] *Okla. Heritage Bank v. Ward (In re Ward)*, 589 B.R. 424, 428 (Bankr. W.D. Okla. 2018) (citing *Johnson v. Riebesell (In re Riebesell)*, 586 F.3d 782, 789 (10th Cir. 2009)); *Scheideler v. Berken*, No. 16-cv-02310, 2017 WL 3315550, at *3 (D. Colo. Aug. 3, 2017).

[22] *Bank of Cordell v. Sturgeon (In re Sturgeon)*, 496 B.R. 215, 223 n.14 (10th Cir. BAP 2013) (quoting *McClellan v. Cantrell*, 217 F.3d 890, 893 (7th Cir. 2000)).

[23] *In re Ward*, 589 B.R. at 428 (quoting *Fifth Third Mortg. Co. v. Kaufman*, 2017 WL 4021230, at *14 (N.D. Ill. July 25, 2017)).

eventually proven to be false; Plaintiff relied on said representations; and Defendant's representations caused Plaintiff to sustain a monetary loss. However, there are no allegations or evidence from which the Court can discern that Defendant's actions were done with the intent to deceive. Crucially, "a misrepresentation is fraudulent only if the maker 'knows or believes that the matter is not what he represents it to be.'"[24] Merely failing to fulfill a promise does not constitute fraud for purposes of § 523(a)(2)(A) *unless it was made knowing that it would not be accomplished.*[25] At most, the facts as presented in the Motion demonstrate Defendant made a number of promises that he did not or was not able to keep. The facts as alleged in the Motion do not suggest Defendant knew at the time he made said promises that he would not fulfill them, or that he made them with the intent to deceive Plaintiff. Moreover, there are no allegations stating Plaintiff's reliance on Defendant's various statements was justifiable under the circumstances. Therefore, the Court finds summary judgment as to Plaintiff's § 523(a)(2)(A) claim to be inappropriate.[26]

---

[24] *Chevy Chase Bank FSB v. Kukuk (In re Kukuk)*, 225 B.R. 778, 787 (10th Cir. BAP 1998) (quoting Restatement (Second) of Torts § 526(a) (1977)).

[25] *Bank One Columbus, N.A. v. Schad (In re Kountry Korner Store)*, 221 B.R. 265, 272 (Bankr. N.D. Okla. 1998) (fraud "must be clearly distinguished from the mere failure to perform a promise, which is not fraud but breach of contract."); *Jack Master, Inc. v. Collins (In re Collins)*, 28 B.R. 244 (Bankr. W.D. Okla. 1983); *Trinkets & Tea, LLC v. Hunt (In re Hunt)*, 605 B.R. 758, 777 (Bankr. N.D. Tex. 2019).

[26] *See Redmond v. Kester (In re Kester)*, 339 B.R. 764, 767 (Bankr. D. Kan. 2005) ("If the nonmoving party fails to respond, the [bankruptcy court] may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law.") (quoting *Murray v. City of Tahlequah, Okla.*, 312 F.3d 1196, 1200 (10th Cir. 2002)).

*B.  Section 523(a)(4): Fraud or Defalcation While Acting in a Fiduciary Capacity*

Section 523(a)(4) excepts from discharge debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."[27] To prove a claim for fraud or defalcation while acting in a fiduciary capacity, "'a plaintiff must [show] that: (1) a fiduciary relationship existed between the debtor and the creditor, and (2) the debt owed to the creditor is attributable to a fraud or defalcation committed by the debtor in the course of the fiduciary relationship.'"[28] The fiduciary relationship necessary to satisfy the first element is one that arises from an express or technical trust established or imposed prior to the allegedly tortious conduct creating the debt.[29] A trust imposed by state statute constitutes a technical trust and may give rise to a fiduciary relationship.[30] As to the second element, fraud is defined as "positive fraud, or fraud in fact, involving moral turpitude or intentional wrong . . . and not implied fraud, or fraud in law, which may exist without the imputation of bad faith or immorality."[31] Defalcation, on the other hand, does not require a showing of bad faith, moral turpitude, or immoral conduct; instead, it requires a finding "that the debtor acted with wrongful intent, or, at a minimum, with a conscious disregard of his or her fiduciary duties."[32]

---

[27] Neither the Complaint nor the Motion refer to embezzlement or larceny. As such, the Court focuses its discussion on fraud or defalcation while acting in a fiduciary capacity.

[28] *In re Ward*, 589 B.R. at 429-30 (quoting *Barenberg v. Burton (In re Burton)*, 463 B.R. 142 (Table), 2010 WL 3422584, at *5 (10th Cir. BAP Aug. 31, 2010)).

[29] *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1371 (10th Cir. 1996) ("Thus, an express or technical trust must be present for a fiduciary relationship to exist under § 523(a)(4)); *White v. White (In re White)*, No. 20-01061, 2021 WL 450992, at *7 (Bankr. W.D. Okla. Feb. 8, 2021).

[30] *Duncan v. Neal (In re Neal)*, 324 B.R. 365, 370 (Bankr. W.D. Okla. 2005) (citing *Emps. Workers Comp. Ass'n v. Kelley (In re Kelley)*, 215 B.R. 468, 473 (10th Cir. BAP 1997)).

[31] *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 273 (2013).

[32] *Okla. DHS Child Support Servs. v. Bryan (In re Bryan)*, 612 B.R. 618, 627 (Bankr. N.D. Okla. 2020) (quoting *Jantz v. Karch (In re Karch)*, 499 B.R. 903, 906 (10th Cir. BAP 2013)); *see Bullock*, 569 U.S. at 273-74 ("Where actual knowledge of wrongdoing is lacking, we consider

As with Plaintiff's § 523(a)(2)(A) claim, the Court cannot reach the conclusion that Plaintiff is entitled to summary judgment on her § 523(a)(4) claim. Defendant admitted to owing Plaintiff a fiduciary duty. However, the Oklahoma statutes upon which Plaintiff bases said fiduciary duty

> do not impose a fiduciary duty on a contractor to account (i.e., explain the disposition of) to a homeowner for all construction funds paid to him. Rather, the contractor's fiduciary duty, as prescribed by the statutes that created the trust, is to pay lienable claims. A contractor who fails to pay suppliers of labor or materials is not guilty of breach of a fiduciary duty to the homeowner unless the unpaid laborers file timely liens which are not satisfied by the contractor.[33]

There are no allegations or evidence upon which the Court may surmise that such lienable claims exist.[34] Thus, the fiduciary duty necessary for Plaintiff's § 523(a)(4) claim cannot, as a matter of law, be based on the statutes cited in the Motion. Moreover, there is nothing to support a determination that Defendant's actions constituted fraud or defalcation given the absence of allegations or evidence regarding Defendant's intent. Therefore, the Court finds Plaintiff is also not entitled to judgment as a matter of law on her § 523(a)(4) claim.

### Conclusion

For the reasons set forth above, the Motion is DENIED WITHOUT PREJUDICE. The Court finds Plaintiff has not met her burden under § 523(a)(2)(A) or (a)(4) to show her debt is nondischargeable, and she is not entitled to judgment as a matter of law.

Dated this 4th of June, 2026.

BY THE COURT:

PAUL R. THOMAS, CHIEF JUDGE
UNITED STATES BANKRUPTCY

---

conduct as equivalent if the fiduciary 'consciously disregards' (or is willfully blind to) 'a substantial and unjustifiable risk' that his conduct will turn out to violate a fiduciary duty.").

[33] *In re Neal*, 324 B.R. at 373 (referencing Okla. Stat. tit. 42, §§ 152, 153); *see King v. Cobbs (In re Cobbs)*, No. 17-1013, 2017 WL 4158341, at *3 (Bankr. W.D. Okla. Sept. 18, 2017).

[34] *Id.* at 372 (explaining that a lienable claim "is a claim that is capable of becoming a lien on the building or improvement being constructed" and that Oklahoma law requires that such a lien be filed "in the county clerk's office within 90 days after the material or labor was furnished.").